IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUDSON,

    Plaintiff,

    v.

YUBA COUNTY SHERIFF'S DEPARTMENT; B. MARTIN, in his individual, official and/or agency capacity; INGIE CLARK, DOES 1 through 50,

    Defendants.

No. Civ. 06-906-DFL-GGH

MEMORANDUM OF OPINION AND ORDER

    Plaintiff Michael Hudson is suing defendants Yuba County Sheriffs Department ("Department") and Deputy Sheriff B. Martin for events stemming from an altercation that occurred on July 1, 2005. In the same suit, Hudson also brings claims against the Department, Martin, and his neighbor, defendant Inge Clarke, for harassing him on many other occasions beginning in 1992. Hudson, however, pleads no facts regarding these incidents. Clarke now moves to dismiss Hudson's claims against her under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons below, the court

1

GRANTS Clarke's motion to dismiss Hudson's claims against her.

## I.

Hudson contends that on the night of July 1, 2005, he called the Department to remove an alleged trespasser, Audriece Tryial, and her vehicle from his premises. He further alleges that after interviewing Tryial, the Sheriff's Deputies refused to remove her. Apparently the Deputies told Hudson that they could not determine whether Tryial was a trespasser or a renter. Hudson claims that he later called the Department again to complain and that Deputy B. Martin came to his property, assaulted him, and arrested him but not Tryial. He avers that Tryial and her accomplices later burglarized his house.

In the same complaint, Hudson also asserts that the Department, along with his neighbor Inge Clarke, harassed him on many other occasions beginning in 1992. According to Hudson, Clarke, who has family and friends in government agencies, has made numerous  bogus claims against him to the Department and "Section 8 Code Enforcement." Moreover, Hudson alleges that she has trespassed on his property many times. But Hudson fails to provide even the most basic details regarding these claims, such as when and where these alleged transgressions occurred.

The court heard oral argument on November 1, 2006. Hudson's attorney failed to attend and has not offered an explanation for his absence.

## II.

Clarke contends that the court lacks subject matter

2

jurisdiction over Hudson's claims against her.  This argument is convincing.[1]

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1244 (2006).  Sections 1331 and 1332 provide for "federal question" jurisdiction and "diversity of citizenship" jurisdiction, respectively.  Id.  To invoke § 1331 jurisdiction, plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States.  Id.  To invoke § 1332 jurisdiction, plaintiff must demonstrate that the parties are of diverse citizenship and that the claim exceeds $75,000.  Id.  Here, diversity is absent. Therefore, Hudson can establish subject matter jurisdiction only through federal question jurisdiction.

Hudson fails to show how his claims against Clarke arise under federal law.  Hudson asserts ten claims in his complaint for events that occurred on July 1, 2005 and other dates.  He names Clarke as a defendant in four of them.[2]  They are: (1)

---

[1] Clarke also contends that the court should dismiss Hudson's claims against her because they fail to state a claim on which relief can be granted and the applicable statutes of limitations have run.  Because the court lacks subject matter jurisdiction over these claims, the court does not address Clarke's other arguments.

[2] In these four claims, Hudson contends that he is suing for events that occurred on July 1, 2005 and other dates. Because Hudson does not plead facts showing that Clarke was involved in the July 1, 2005 altercation, the court presumes that Hudson contends that Clarke is liable under these claims only for events that occurred on other dates.

3

negligence; (2) trespass; (3) intentional or negligent infliction of emotional distress; and (4) civil harassment.

The first three claims are clearly state law causes of action. In his complaint and opposition, Hudson does not explain how they arise under federal law. Therefore, the court declines to speculate on how these three claims might trigger federal question jurisdiction.

While "civil harassment" could be actionable under 28 U.S.C. § 1983, Hudson does not assert a violation of § 1983 when pleading this claim. In other claims, Hudson specifically pleads § 1983 when he intends to do so. He does not do so here. Therefore, a fair reading of the complaint suggests that the harassment claim is not based on § 1983 or any other provision of federal law.[3]

Hudson argues in his opposition that the court has supplemental jurisdiction over his claims against Clarke. Hudson is incorrect.

Under 28 U.S.C. § 1367, "the [federal] district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy

---

[3] Hudson contends in his opposition that he has alleged that Clarke "violated his civil rights in using state agents acting under color of state law to deprive [him] of his federal rights." But as discussed above, the only claims that invoke § 1983 are his claims for violation of civil rights, assault, battery, wrongful imprisonment, and wrongful arrest. Those claims do not list Clarke as a defendant.

4

under Article III of the United States Constitution."  Thus, "[a] state law claim forms part of the same controversy if it and the federal claim 'derive from a common nucleus of operative fact.'" Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004) (citation omitted).  "This is so even if the state law claim is asserted against a party different from the one named in the federal claim."  Id., see also Kirschner v. Klemons, 225 F.3d 227, 239 (2d Cir. 2000) ("We have previously observed that 28 U.S.C. § 1367(a) responds to the Supreme Court's decision in Finley v. United States and thereby makes pendent party jurisdiction possible where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party." (citations omitted)).

    Hudson's claims against Clarke and his federal claims do not arise from "a common nucleus of operative fact."  The only decipherable federal claims are his assault, battery, wrongful imprisonment, wrongful arrest, and violation of civil rights claims against the Department and Martin in which he raises § 1983.  But these claims relate to events that occurred on July 1, 2005.[4]  Hudson's claims against Clarke, however, involve different allegations that occurred on other dates.  Therefore, because Hudson fails to show how these claims and his federal claims share "a common nucleus of operative fact," the court cannot

---

[4] While Hudson contends that these claims are based, in part, on events that occurred on other dates, there is no indication in the complaint of any such other dates or occasions. See Fed. R. Civ. P. 8(a).

5

exercise supplemental jurisdiction over them.

### III.

For the reasons above, the court lacks supplemental jurisdiction over the claims against Clarke and, accordingly, DISMISSES Hudson's claims against her.[5]

IT IS SO ORDERED.

Dated: 2/8/2007

DAVID F. LEVI
United States District Judge

---

[5] Ordinarily the court would permit plaintiff an opportunity to amend. However, counsel for plaintiff did not attend the oral argument, offered no subsequent explanation for failing to do so, and made no request for leave to amend. Had counsel appeared, the court could have used the opportunity to clarify the pleadings. His failure to appear should not permit him to file yet another pleading, likely equally obscure, forcing defendant to sustain the cost of yet another motion to dismiss.

6