IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUDSON,

     Plaintiff,

  v.

YUBA COUNTY SHERRIFF'S DEPARTMENT; B. MARTIN, IN HIS INDIVIDUAL, OFFICIAL AND/OR AGENCY CAPACITY; INGIE CLARK; DOES 1 THROUGH 50,

     Defendants.

_____/

No. 2:06-cv-00906 JAM GGH

<u>ORDER GRANTING SUMMARY JUDGMENT</u>

    Plaintiff Michael Hudson ("Hudson"), brought this action against the Yuba County Sherriff's Department, B. Martin, Does 1 through 50 (collectively, "the Department"), and Ingie Clark alleging various civil rights violations and state law claims. On February 9, 2007, the Court dismissed Hudson's claims against Ingie Clark for lack of jurisdiction. Docket at 17. The Department now moves for summary judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure.  Plaintiff has not filed an opposition to this motion.  For the reasons stated below, the motion is GRANTED.[1]

FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On the evening of July 1, 2005, Audriece Tryial ("Tryial") entered Hudson's property.  Compl. ¶ 9.  Hudson had leased the property to Tryial's sister, who was in Stockton, California that particular evening.  Statement of Undisputed Facts ("SUF") ¶¶ 2, 12.  Although Hudson leased the house and two of the garages to Tryial's sister, he retained possession of one of the garages.  Id. ¶ 3.

Hudson called the Yuba County Sherriff's Department to have Tryial removed from the property.  Id. ¶ 1.  Two sheriff's deputies arrived on the scene.  Id.  The deputies refused to arrest Tryial because she stated that her sister leased the property and had given her permission to stay.  Id. ¶ 2.

Later that evening, Hudson again called the Sheriff's Department.  Compl. ¶ 14.  Deputy Martin reported to the scene. SUF ¶ 4.  When Deputy Martin arrived, he observed Hudson speaking on a telephone.  Id. ¶ 5.  Hudson told Deputy Martin that Tryial should be removed from the premises.  Id. ¶ 6.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

2

Deputy Martin noticed that Hudson had a strong odor of alcohol, slurred speech, and unsteady balance. Id. ¶ 7. He was also yelling angrily. Id. Deputy Martin concluded that Hudson was too intoxicated to care for himself, handcuffed him, and led him to the back of his patrol car. Id. ¶¶ 7-8. Next, Deputy Martin spoke with Tryial. Id. ¶ 9. She had blood coming from her nostrils and was crying. Id. She stated that Hudson had yelled at her to leave the house, called her a "fucking nigger," and hit her several times. Id. ¶ 10. Tryial stated that her sister leased the property, that Tryial had been staying there for the past thirty days, and that her sister had given her permission to stay there that evening. Id. ¶¶ 2, 11.

Tryial told Deputy Martin that she wished to make a citizen's arrest of Hudson for hitting her. Id. ¶ 14. After Tryial completed an affidavit of arrest, Deputy Martin took Hudson into custody. Id. ¶ 17. Hudson admits that Deputy Martin did not use any violence or excessive force against him. Id.; Hudson Dep. 215:9-216:22. Hudson spent one night in jail and was release on bail the next morning. SUF ¶ 18.

While Deputy Martin was taking Hudson into custody, Hudson's friend Bruce Jamison locked Hudson's garage door. Id. ¶ 19. Hudson's keys were inside the garage. Id. However, when Hudson returned to his property after being released the next day, he noticed that a number of his belongings were missing.

3

Id. ¶ 21.  Hudson called the Sheriff's Department, who investigated the theft and arrested Tryial.  Id. ¶ 22.  Tryial was prosecuted and pled guilty to burglary.  Id. ¶ 23.  Hudson did not seek restitution of the stolen items.  Id. ¶ 24.  On April 26, 2006, Hudson filed a complaint.  Docket at 1.

OPINION

Rule 56 allows a party to seek summary judgment when there is "no genuine issue as to any material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Ninth Circuit has stated:

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment. Instead, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations omitted).  However, "[e]ven where no evidence is presented in opposition to the motion, summary judgment should not be granted if the evidence in support of the motion is insufficient."  Hoover v. Switlik Parachute Co., 663 F.2d 964, 967 (9th Cir. 1981).

Because Hudson has failed to file any opposition to the Department's Motion for Summary Judgment, this Court need only

4

determine whether the Department has sufficiently demonstrated the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law on each of the claims asserted by Hudson.  See Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003).  Because the Department has shown a lack of disputed material facts for each claim, summary judgment is appropriate.

Claim One: Negligence

Hudson alleges both common law and statutory negligence. However, Hudson has not shown that the Department breached any duty to him on or around July 1, 2005.  The Department was under no obligation to secure his property from or to arrest Tryial. Section 846 of the California Government Code states, "Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody."  The Department cannot be held liable for failing to arrest Tryial.

Furthermore, the Department did not act negligently with respect to Hudson's property.  Hudson stated that his friend Bruce Jamison had locked the garage door with Hudson's keys inside.  SUF ¶ 19; Hudson Dep. 218:1-14.  Hudson has not provided any evidence that the Department failed to act in a reasonable manner.  Accordingly, summary adjudication is granted in favor of the Department on Hudson's negligence claim.

Claim Two: Civil Harassment

Hudson has failed to demonstrate any facts that support a claim of civil harassment.  Section 527.6 of the California Code of Civil Procedure defines harassment as:

> unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.

Hudson specifically stated that the Department did not use violence against him in his deposition.  Hudson Dep. 215:9-216:22.  Also, Hudson has failed to provide any evidence to show that the Department exercised a course of conduct to harass him.  Although Hudson alleges that Deputies threatened to use violence, he provides no evidence to support his claim.  Most importantly, Section 527.6 of the California Code of Civil Procedure only provides injunctive relief for civil harassment.  Because Hudson does not seek injunctive relief, he can not state a claim under the civil harassment statute.

Claims Three and Four: Assault and Battery

Because Hudson admitted in his deposition that the deputies did not attempt or engage in any violent conduct, Hudson Dep. 215:9-216:22, summary adjudication is granted in favor of the Department on Hudson's assault and battery claims.  See Saman v. Robbins, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999).  ("A prima facie case for battery is not established under California law

unless the plaintiff proves that an officer used unreasonable force against him to make a lawful arrest or detention."); see also 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988) ("[a]n assault is an unlawful attempt, coupled with a present ability, to commit a *violent injury* on the person of another.") (emphasis added).  Because Hudson has failed to show any use or attempted use of violence, summary adjudication is granted in favor of the Department on his assault and battery claims.

Claim Five: Negligent Hiring, Training, and/or Retention

Hudson brought a state law claim for negligent hiring, training, and/or retention.  However, in this case, Hudson has shown no evidence that the actions of the Deputies reflected the policy of the Yuba County Sherriff's Department.  In fact, in both his response to Defendant's First Set of Interrogatories and in his Deposition, Hudson admitted that he had no knowledge of the hiring, training, or retention policies of the Yuba County Sherriff's Department.  SUF ¶ 25, Hudson Dep. 218:18-223:8; Pl.'s Resp. to Interrogs. ¶ 18.  Hudson provided no evidence to support a claim of negligent hiring, training, and/or retention.  Accordingly, summary adjudication is granted in favor of the Department on Hudson's negligent hiring, training, and/or retention claim.

//

Claims Six and Seven: Wrongful Imprisonment and Wrongful Arrest

Plaintiff's claims for wrongful imprisonment and wrongful arrest are not distinguishable.  Under California law, "'false arrest' and 'false imprisonment' are not separate torts.  False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology."  Collins v. City and County of San Francisco, 50 Cal.App.3d 671, 673 (1975).

The Department did not wrongfully imprison Hudson because it was merely enforcing a valid citizen's arrest.  Section 847 of the California Penal Code states that officers will not be liable for false arrest or false imprisonment if the arrest was made pursuant to Section 837, which allows a private citizen to make an arrest for a misdemeanor committed in her presence.  In this case, Tryial made a citizen's arrest of Hudson based on the claim that he hit her repeatedly.  Because the Department arrested Hudson based on a citizen's arrest pursuant to Section 837, they cannot be held liable for wrongful arrest or imprisonment.  Accordingly, summary adjudication is granted in favor of the Department on Hudson's wrongful arrest and wrongful imprisonment claims.

Claim Eight: Violation of Civil Rights (including the 42 U.S.C. § 1983 claims alleged in Claims 3, 4, 6, and 7)

Hudson alleges violation of his civil rights under 42 U.S.C. § 1983 with respect to his assault, battery, false

imprisonment, and false arrest claims.  For the reasons stated above, the Court finds that Hudson did not produce evidence of assault or battery.  Because Hudson has failed to show that an assault or battery occurred, he cannot show that his Fourth Amendment rights were violated.

Hudson also claims that his civil rights were violated because he was wrongfully arrested and imprisoned.  Under federal law, a claim for wrongful imprisonment can only be made after a § 1983 plaintiff has shown that the conviction or sentence has been overturned.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Because Hudson was never convicted or sentenced, he cannot bring a claim for wrongful imprisonment under § 1983.

To determine whether Hudson can maintain a claim of wrongful arrest under § 1983, the Court must consider whether the Department had probable cause to arrest Hudson.  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 924 (9th Cir. 2001) ("in order to satisfy the requirements of the Fourth Amendment, a warrantless misdemeanor arrest must be supported by probable cause to believe that the arrestee has committed a crime." (citation omitted)).  "Probable cause exists when, under the totality of the circumstances known to the arresting officers..., a prudent person would believe the suspect had

committed a crime." Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. 2007) (citation omitted).

The Department had probable cause to arrest Hudson. From Tryial's bloody face, emotional state, and willingness to effect a citizen's arrest coupled with Hudson's intoxicated state, Deputy Martin had reason to believe that Hudson had hit Tryial.

Because the Court has found no underlying constitutional violation, it need not consider the issue of immunity. Summary adjudication is granted in favor of the Department for Hudson's civil rights claims.

Claim Nine: Trespass

Hudson's claim for trespass fails for the simple reason that he admits that he had called the Department each time they entered his property. See Compl. ¶¶ 11, 14. Under California law, the tort of trespass requires an unauthorized entry. Church of Christ in Hollywood v. Superior Court, 99 Cal. App. 4th 1244, 1252 (2002) ("Where there is a consensual entry, there is no tort, because lack of consent is an element of the [theory underlying the tort].") (internal citation omitted). Because Hudson called the Department and asked them to come to his property, he consented to their entry. Therefore, Hudson's claim for trespass must fail.

//

//

Claim Ten: Intentional or Negligent Infliction of Emotional Distress

Hudson's claim for intentional or negligent infliction of emotional distress fails because Hudson has not shown that the Department engaged in outrageous behavior.  See Kiseskey v. Carpenters' Trust for So. California, 144 Cal.App.3d 222, 229 (1983). Furthermore, Hudson has not provided any evidence to support his alleged extreme emotional distress resulting from the July 1, 2005 incident.  Because Plaintiff has not set forth any basis upon which to rest a claim of either intentional or negligent infliction of emotional distress, these claims do not survive summary judgment.

ORDER

For the reasons stated above, the Department's motion for summary judgment is GRANTED.


IT IS SO ORDERED.


Dated:   July 1, 2008                  _____
                                        JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE